**LAKE COUNTY BOARD OF ELEC-
TIONS AND REGISTRATION,
Appellant–Defendant,**

**Myrna Maldonado, Richard Medina
and Juda Parks, Appellants–
Petitioners for Intervention,**

v.

**Anthony COPELAND, Appellee–
Plaintiff.**

No. 45A04–0710–CV–560.

Court of Appeals of Indiana.

Feb. 27, 2008.

Rehearing Denied April 8, 2008.

David Saks, Hammond, IN, Attorney for
Appellant Lake County Board of Elections
and Registration.

Anthony Copeland, East Chicago, IN,
pro se Appellee.

Kenneth D. Reed, Hammond, IN, Attor-
ney for Appellants, Petitioners for Inter-
vention, Myrna Maldonado, Richard Medi-
na and Juda Parks.

## OPINION

VAIDIK, Judge.

### Case Summary

Lake County Board of Elections and Registration ("Election Board") and Myrna Maldonado, Richard Medina, and Juda Parks ("Challengers") (collectively "Appellants") appeal the trial court's order requiring the Election Board to place Anthony Copeland's name on the ballot for the November 6, 2007, General Election for an At–Large seat on the City of East Chicago Common Council as an Independent. Although this case had an expedited briefing schedule so that the issues could be resolved before the November 2007 General Election, for reasons not entirely clear the case was not transmitted to this Court until January 2008, well after the election. Because Copeland lost and Challengers won in that election, the issues are now moot. We therefore dismiss this appeal.

### Facts and Procedural History

In 2007, Copeland was a member of the City of East Chicago Common Council, having been elected to that position in 2003 as a Democrat. On July 2, 2007, Copeland filed paperwork to run as an Independent in the November 6, 2007, General Election for one of the At–Large seats on the Common Council.[1] In August 2007, Challengers filed separate challenges to Copeland's candidacy. Specifically, they alleged that when Copeland filed his paperwork to run as an Independent, he was the Chairman of the East Chicago Democratic Committee, which, according to Indiana law, disqualified him from running for the Common Council as an Independent.

On September 4, 2007, the Election Board held a hearing to address these challenges, which the Board consolidated. After several votes, the members of the Election Board voted to remove Copeland's name from the ballot for the November 6, 2007, General Election. At the time of this hearing, Copeland had already been removed from his position as Chairman of the East Chicago Democratic Committee.

On September 7, 2007, Copeland filed a Complaint for Declaratory Judgment, Preliminary and Permanent Injunction, and Appeal of Administrative Decision as well as a Petition for Emergency Hearing on Complaint for Injunctive Relief. An emergency hearing was set for September 12, 2007, at 1:00 p.m.

At the emergency hearing, the trial court first addressed Challengers' petition to intervene and motion to dismiss, which the trial court denied. The trial court then proceeded with a hearing on the merits. On September 17, 2007, the trial court issued an order, in which the court concluded that Challengers

> do not state any grounds for disqualifying [Copeland] as a candidate for Councilman–At–Large for East Chicago, Indiana nor was there any evidence presented at the hearing before the Board on September 4, 2007 that would disqualify Plaintiff from being a candidate for Councilman–At–Large for the City of East Chicago, Indiana in the November [6], 2007 election.

Appellants' App. p. 2G. The court continued, "The Indiana Legislature has expressly listed the grounds for disqualification of a candidate and no such grounds

---

1. In the May 2007 primary election, Copeland, while a member of the Common Council, ran for the Democratic nomination for the Mayor of East Chicago but lost. Because of his mayoral run in the primary, Copeland did not run to keep his At–Large seat as a Democrat. Thereafter, he decided to run as an Independent in order to keep his seat on the Common Council.

have been alleged nor were there any such grounds presented at the September 4, 2007 hearing before the Board." *Id.* Accordingly, the court concluded that the Election Board's decision to remove Copeland's name from the ballot was "contrary to law." *Id.* Finding that "an emergency exists because of the limited number of days in which [Copeland] has the ability to conduct a meaningful campaign and to raise funds," the court granted a preliminary injunction. *Id.* Accordingly, the court ordered the Election Board to "reinstate Anthony Copeland as a candidate for the City of East Chicago, Councilman–At–Large as an independent party candidate and his name shall appear on the ballot for the General Election of November 6, 2007 as a candidate for said election." *Id.* at 2H.

On September 20, 2007, Appellants[2] filed a Petition for Writ of Mandamus and Prohibition in the Indiana Supreme Court, which the Supreme Court denied on September 25, 2007. Cause No. 45S00–0709–OR–366 (Ind. Sept. 25, 2007) (unpublished order). On September 27, 2007, Appellants filed a Notice of Appeal. Thereafter, Appellants filed motions to expedite and to consolidate in the Court of Appeals and a "Verified Motion to Accept Jurisdiction under Ind. Appellate Rule 56 A" in the Supreme Court. Pursuant to Appellate Rule 56(A),

In rare cases, the Supreme Court may, upon verified motion of a party, accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals upon a showing that the appeal involves a substantial question of law of great public impor-

tance and that an emergency exists requiring a speedy determination.

On October 12, 2007, the Indiana Supreme Court issued the following order:

The Court DENIES the Emergency Motion to Transfer. In doing so, we note that Appellants allege an emergency exists because their appeal challenges a trial court judgment requiring that Appellee's name be included on the ballot as an independent candidate for councilman-at-large for the City of East Chicago during the general election scheduled for November 6, 2007. However, that same emergency is alleged as the basis for the Appellants' motion to expedite this appeal, which remains pending before the Court of Appeals, and this Court has confidence the Court of Appeals will act appropriately in light of the exigent circumstances alleged.

Cause No. 45A04–0710–CV–560 (Ind. Oct. 12, 2007) (unpublished order). On the heels of this order, and also on October 12, this Court issued an order granting Appellants' Motion to Consolidate and Motion to Expedite and set forth the following expedited briefing schedule: Appellants' brief and appendix due October 18, 2007, and Copeland's brief due October 24, 2007. We added, "No extensions of time shall be entertained" and "no request [for a reply brief] shall be entertained." Cause No. 45A04–0710–CV–560 (Ind.Ct.App. Oct. 12, 2007) (unpublished order). According to the briefing schedule, Copeland's brief was due approximately two weeks before the November 6, 2007, General Election.

What happened from this point on is not entirely clear. What we do know is that Appellants' briefs are filestamped October 24, 2007, while Copeland's briefs were not initially filestamped at all.[3] The Clerk of

---

**2.** Challengers proceeded as Intervenors.

**3.** When this matter was recently brought to the attention of the Clerk's Office, Copeland's

briefs were back-filestamped October 24, 2007.

the Courts Online Docket shows that both sets of briefs were submitted either before or on their respective due dates. However, due to some alleged defects, the briefs were either filestamped after their due date (in the case of Appellants) or were not initially filestamped at all (in the case of Copeland). In any event, despite the extremely expedited nature of this appeal, this case lingered for unknown reasons in the Clerk's Office until January 2008—well after the November 2007 General Election—at which point it was finally transmitted to this Court.

### Discussion and Decision

■ On appeal, Appellants raise two issues. They phrase the first issue as:

Whether an incumbent democrat city councilman at large can lawfully seek election in the upcoming November 6, 2007, general election in the City of East Chicago, Indiana, as an "independent" candidate for an at large seat on the Common Council, where said person was the incumbent Chairman of the Democratic Party organization in that City at the time he filed his [paperwork].

Appellants' Br. p. 1. For the second issue, Appellants argue that the trial court erred in denying Challengers' motion to intervene. As explained below, we find these issues to be moot.

■ Generally, an issue is deemed to be moot when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties. *Sadler v. State ex rel. Sanders*, 811 N.E.2d 936, 956 (Ind.Ct.App. 2004). Nonetheless, even if an appeal is moot and no practical remedy is available to the parties, we can review issues under the public interest exception, which may be invoked when the case involves a question of great public importance that is likely to recur. *Id.*

■ Here, we conclude that the issues are moot because Copeland lost in the November 6, 2007, General Election and each of the Challengers—Maldonado, Medina, and Parks—won in that election. *See* Joe Carlson, *Parks, Medina, Maldonado, Garcia Win Council Seats*, THE TIMES, Nov. 7, 2007, http://www.nwi.com/articles/2007/11/07/news/lake_county/doc63393d 98003d34fa8625738c0016c1fd.txt ("In the five-way race for three at-large council seats, political first-timers Parks and Myrna Maldonado were elected along with incumbent council President Richard Medina, who starts his third term. Incumbent Anthony Copeland was ousted."); *see also* City of East Chicago Common Council, *available at* http://www.eastchicago.com/citycouncil.html (last visited Feb. 13, 2007) (listing Maldonado, Medina, and Parks—but not Copeland—as At–Large Councilpersons). Furthermore, even if the issues presented in this appeal are of great public importance, they are unlikely to recur. Because the issues are both moot and unlikely to recur, we decline to address them. We therefore dismiss this appeal.

Dismissed.

SHARPNACK, J., and BARNES, J., concur.