**STEUBEN LAKES REGIONAL WASTE DISTRICT, Appellant,**

v.

**Lyndon TUCKER and Kathleen Tucker, Appellees.**

No. 76A03–0812–CV–621.

Court of Appeals of Indiana.

April 24, 2009.

---

Larry L. Barnard, Benjamin D. Ice, Carson Boxberger, LLP, Fort Wayne, IN, Attorneys for Appellant.

Ronald Glen Thomas, Angola, IN, Attorney for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

The Steuben Lakes Regional Waste District ("the Waste District") appeals the trial court's grant of summary judgment in favor of Lyndon and Kathleen Tucker. We affirm.

### Issue

The Waste District raises three issues, which we consolidate and restate as whether the trial court properly entered summary judgment in favor of the Tuckers.

### Facts

The Tuckers own property in Steuben County. In 2002, the Waste District designed a new waste treatment plant and sewage collection system. The system required the installation of grinder pumps on some residents' property that would be maintained by the Waste District. To complete the system, the Waste District needed to obtain temporary construction and permanent easements from the affect-

ed property owners, including the Tuckers. The Waste District calculated that the cost for the connection was $8,191.60, but because it "negotiated various funding," it was able to offer a reduced connection charge of $2,775.00 for property owners "who timely and voluntarily registered for connection to the new system[.]" App. pp. 37–38.

Initially, the Tuckers agreed to the connection and also agreed to issue the necessary easements. However, a dispute arose regarding the specific location of the easement that the Tuckers were willing to give the Waste District.[1] On October 14, 2004, the Waste District informed the Tuckers that if they did not grant "an acceptable" easement, the cost of the connection would increase to "around $8,000.00." *Id.* at 51.

On July 14, 2005, the Tuckers filed a complaint for declaratory judgment against the Waste District. The Tuckers alleged that the Waste District's demand for an easement was unconstitutional. On August 2, 2005, the Waste District answered the Tuckers' complaint and counter-claimed, alleging that the Tuckers' refusal to consent to the connection of the sewer system resulted in the lost opportunity to exercise the discount negotiated by the Waste District. The Waste District requested that the trial court order the Tuckers to connect to the sewer system at the full connection charge of $8,191.60 and to pay the Waste District's costs and attorney fees.

On February 9, 2007, the Waste District moved for summary judgment. On March 23, 2007, the Tuckers filed a memorandum in opposition to summary judgment. On April 5, 2007, the Waste District replied. On June 28, 2007, the Waste District notified the trial court that the parties had reached an agreement regarding the location of the easement and that an easement had been recorded. The Waste District requested the trial court to "schedule a hearing on the remaining issues in this case, including but not limited to costs and fees." *Id.* at 61.

On March 26, 2008, a summary judgment hearing was held. On October 9, 2008, the trial court granted summary judgment in favor of the Tuckers. The trial court reasoned that the Water District created a "Constitutional dilemma" for the Tuckers by forcing them to either surrender their right to a condemnation proceeding or pay a higher connection charge and attorney fees. *Id.* at 8. The trial court ordered the Tuckers to pay the $2,775.00 connection charge plus pre-judgment interest and ordered the parties to pay their own attorney fees. The Waste District filed a motion to correct error, which the trial court denied. The Waste District now appeals.

### Analysis

The Waste District argues that the trial court improperly granted summary judgment in favor of the Tuckers. When reviewing the grant or denial of summary judgment, we use the same standard of review as the trial court. *Naugle v. Beech Grove City Schs.*, 864 N.E.2d 1058, 1062 (Ind.2007). "Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Ind. Trial Rule 56(C)). "All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party." *Id.* Our review is limited to those materials designated in the trial court un-

---

**1.** It is unclear whether the dispute was regarding the temporary easement, the permanent easement, or both.

der Indiana Trial Rule 56(C). *Id.* "When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." T.R. 56(B). Finally, we will affirm summary judgment if it may be sustained on any theory or basis found in the record. *Yates v. Johnson County Bd. of Comm'rs,* 888 N.E.2d 842, 847 (Ind.Ct. App.2008).

■ The Waste District first argues that because the Tuckers granted it an easement, "the issues relating to the easement were moot and it was error for the Court to address those issues in its Summary Judgment Order." Appellant's Br. p. 7. Indeed, the actual execution of an easement by the Tuckers is a moot issue. *See Lake County Bd. of Elections and Registration v. Copeland,* 880 N.E.2d 1288, 1291 (Ind.Ct.App.2008) ("Generally, an issue is deemed to be moot when the case is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties."). Nevertheless, by the Waste District's own assertion in its notice concerning the execution of the easement, the issues of the connection charge, litigation costs, and attorney fees arising out of the easement issue remained unresolved even after the Tuckers executed the easement. In that regard, it was proper for the trial court to consider the facts of the case to resolve these issues.

The Waste District argues that it was permitted to offer the Tuckers a reduced connection charge of $2,775.00 if they voluntarily provided it with the requested easement and connected to the sewer. Be-

cause the Tuckers did not provide the requested easement, the Waste District claims it is entitled to recover the $8,190.60 connection charge.

As the Waste District points out, it may "collect reasonable rates and other charges" for the purpose of "construction, acquisition, improvement, extension, repair, maintenance, and operation of the district's facilities and properties." Ind. Code § 13–26–5–2(7)(B). It may also require connection to the sewer system.[2] I.C. § 13–26–5–2–(8). The Waste District, however, points to no statutory authority allowing it assess higher connection charges for residents who do not voluntarily provide easements.

Relying on *Goodpasture v. Tennessee Valley Authority,* 434 F.2d 760, 764 (6th Cir.1970), the Waste District claims, "[e]ven if the District sought a voluntarily conveyed easement from the Tuckers under the threat of exercising its eminent domain powers, it would not invalidate any such agreement as unconstitutional." Appellant's Br. p. 10. *Goodpasture,* however, addresses the issues of rescission and duress and holds, "It is well settled that a statement by an agency possessing the power of eminent domain that it will exercise that power if a voluntary sale cannot be negotiated does not constitute duress and affords the seller no grounds for cancelling such a sale." *Goodpasture,* 434 F.2d at 763–64. The issue before us is not whether the Waste District could have threatened to institute condemnation proceedings against Tuckers if they did not voluntarily give it an easement. The issue is whether the Waste District could charge the Tuckers an increased connection

---

**2.** Pursuant to Indiana Code Section 13–26–5–2(8), certain conditions must be met before connection can be required. There is no argument regarding whether these conditions were met.

charge because they did not voluntarily give it an easement.

Our reading of the statutory scheme and relevant case law suggests that the acquisition of private property and connection to the sewer are two distinct matters. The Waste District may obtain easements and exercise the power of eminent domain. *See* I.C. § 13–26–5–2(5) & 2(18). Specifically, the board of the Waste District:

> may condemn for the use of the district public or private land, easements, rights, rights-of-way, franchises, or other property within or outside the district required by the district for the accomplishment of the district's purposes according to the statutory procedure for the appropriation of land or other property taken by an eligible entity.

I.C. § 13–26–5–6(a).

■ The Waste District did not seek to statutorily condemn the Tucker's property; instead, it requested that the Tuckers voluntarily convey a specific easement. *See Wagler v. West Boggs Sewer Dist., Inc.,* 898 N.E.2d 815, 820 (Ind.2008) (distinguishing a request to donate from a "lowball offer" to purchase in a statutory condemnation proceeding). Although the Waste District was permitted to ask the property owners to donate or voluntarily convey easements, we cannot conclude that the refusal of a property owner to donate or voluntarily provide an easement permits the Waste District to forego statutory condemnation proceedings and assess a higher connection charge.[3]

Regarding the amount of the connection charge, it is clear that the Waste District was permitted to assess such in accordance with Indiana Code Chapter 13–26–11, which neither party references.[4] This chapter permits charges for sewage works to be determined, in part, by "[a] flat charge for each connection." I.C. § 13–26–11–2(a)(1). More specifically:

> If a district constructs sewers or water mains as a part of the construction of the works that are suitable for use as a local or lateral sewer or main by abutting or adjoining property, *the district may charge for the connection on the basis of the pro rata cost of construction* of a local or lateral sewer or water main sufficient to serve the property.

I.C. § 13–26–11–7(a) (emphasis added).

There is no suggestion in this chapter that the connection charge is contingent on the voluntary granting of an easement. Although, as the Waste District suggests, the intent of the statutory scheme may be that the property owners bear the cost of constructing a sewer system, the Waste District does not point to statutory authority that permits it charge one property owner a higher connection charge simply because he or she did not voluntarily convey an easement to the Waste District. Accordingly, it was improper for the Waste District to "incentivize" the Tuckers to voluntarily give up their property by assessing two different connection charges. App. p. 64.

**3.** According to the Waste District, it was not asking the Tuckers to donate the easement, just to voluntarily convey it. In its reply brief the Waste District asserts, "by agreeing to the easement proposed and connecting voluntarily with the sewage system of the District, the value of the Tucker property would have increased rather than decreased." Appellant's Reply Br. p. 6 n. 1. In addition to the alleged increase in value to the Tuckers' property, the

Waste District also claims it did offer compensation—the $5,415.60 reduction in connection charges—for the voluntarily provided easement. *Id.* at 8.

**4.** In a designated affidavit, the Waste District's superintendent states that the Waste District "was formed under Indiana Code Sections 13–26–1 to –14." App. p. 38.

Based on a 2002 letter from the Waste District's attorney to the homeowners that was attached to the pleadings, it appears that the pro rata cost of construction was $2,775.00. That letter stated in part:

> If you are a single-family residential customer, you will be charged a capital charge of one thousand dollars ($1,000.00).... New customers will be charged a connection fee of one thousand seven hundred seventy-five dollars ($1,775.00), in additional to the capital charge. For new customers the capital charge and connection fee will be due in full at the time application is made to connect to the system or the District requires connection. However, if a new customer applies to connect within ninety (90) days of the start of construction and pays the capital charge and the connection fee in full at that time or in twelve (12) equal monthly installments commencing at the start of construction, they will be entitled to a ten percent (10%) discount of the capital charge and connection fee.

App. p. 14. The trial court properly ordered the Tuckers to pay the $2,775.00 connection charge instead of the $8,191.60 subsequently requested by the Waste District.

█ Finally, the Waste District asserts that it is entitled to attorney fees based on Indiana Code Section 13–26–5–2(9), which allows the Waste District to "apply to the circuit or superior court of the county in which the property is located for an order to force connection, with the cost of the action, including reasonable attorney's fees of the district, to be assessed by the court against the property owner in the action." It appears that the Tuckers have always agreed to connect to the sewer. *See* App. p. 18. They only refused to voluntarily grant the Waste District the specific easement it requested. As a result, the Waste District threatened to nearly triple the Tuckers' connection charge. The Tuckers then filed an action seeking to stop the Waste District from demanding a specific easement and increasing the connection charge, and the Waste District counterclaimed.

This litigation arose out of the dispute regarding the easement and the threat of an increased connection charge, not the Tuckers' failure to connect to the sewer after the easement was procured and sewer was constructed. The Waste District has not established that it is entitled to attorney fees for the litigation associated with the procurement of the easement and the determination of the appropriate connection charge.[5]

**Conclusion**

The increased connection charge, litigation costs, and attorney fees arising out of the easement issue remained unresolved even after the Tuckers executed the easement—these issues were not moot. The Waste District has not established that the refusal of a property owner to voluntarily provide an easement permits it to forego statutory condemnation proceedings and assess a higher connection charge. The trial court properly ordered the Tuckers to pay the $2,775.00 connection charge and properly did not award the Waste District attorney fees. We affirm.

Affirmed.

BAKER, C.J., and MAY, J., concur.

---

5. Because of our holding today, it is unnecessary to address the Tuckers' claim that the Waste District's actions amounted to inverse condemnation.