**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jan 23 2013, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL L. HARRIS**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL L. HARRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1208-CR-345 |
| | ) | |
| STATE OF INDIANA, | ) | |
| ELKHART COUNTY SHERIFF'S DEPT., | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1012-MC-1867

**January 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Michael L. Harris, pro se, appeals the trial court's denial of his request for return of property. He argues that the trial court has showed a callous disregard for his constitutional rights by retaining his property. Harris also contends that the warrant used to seize his property was invalid both for lack of probable cause and for its reliance on stale information. Finding that Harris's property is now in the possession of the federal government, we can provide him no effective relief. As a result, this case is moot and we therefore dismiss it.

## Facts and Procedural History

In 1999, Harris was convicted of a sex offense and was required to register as a sex offender upon his release from incarceration. Harris's status as a sex offender prohibited him from using certain social-media websites such as YouTube.com. When Harris last updated his sex-offender registration in 2010, he indicated that he did not use any social-networking sites. Appellant's App. p. 28.

Elkhart County Sheriff's Department Detective Brian Holloman reviewed Harris's business website during the course of his duties and found a video posted on YouTube.com that contained Harris's voice. *Id.* at 27. The YouTube.com account name related to the video was "ArtsPromo" and "ArtsPromo's Channel" and contained "several videos" of Harris in addition to "numerous 'Favorites' videos of boys obviously under the age of 18." *Id.* Detective Holloman learned through subpoenas duces tecum that the "ArtsPromo" account and related email address could both be tracked to the internet IP address associated with Harris's residence. *Id.* at 27-28. Harris had not registered the

related email address during his sex-offender registration, and officers had previously observed computer equipment at Harris's residence.

Based on that information, Detective Holloman sought a warrant to seize "computer hardware (and associated peripherals), cameras, video recording devices, storage devices, recordings, photographs, digital media images, and any document that might show passwords." *Id.* at 30. Elkhart Superior Court authorized the search warrant on December 3, 2010, and forty items or categories of items were seized. However, no charges were filed.

Beginning in June 2011, Harris started filing repeated requests and motions for the return of his seized property. In November 2011, the trial court denied him relief, holding that the State was not the proper party since the items were seized by the Elkhart County Sheriff. Harris revised his motion, and before the scheduled hearing, the Elkhart County Sheriff's Department returned most of the seized items to Harris's wife, Rebecca. At that point, the evidence release form listed sixty-nine seized items and categories of items and indicated that forty of them had been returned. The Sheriff's Department noted that the remaining items were not returned due to "Federal prohibition" and were "being held by the U.S. Secret Service Pending Federal Indictment." *Id.* at 35.

Less than two weeks later, when the hearing on Harris's revised motion did take place, the trial court denied the motion, thereby denying the return of his remaining property. Harris now appeals.

**Discussion and Decision**

3

Harris raises three arguments on appeal: (1) whether the trial court erred in denying his request for return of property; (2) whether the search warrant was faulty for lacking probable cause; and (3) whether the search warrant was faulty for being based on stale information. However, since we find that the trial court did not err because Harris's claim is moot, we need only address his first argument.

Harris contends that the trial court erred in denying his request for return of property. We disagree. A trial court's denial of a motion for return of property will only be reversed if it is clearly erroneous and "cannot be sustained upon any legal theory supported by the evidence." *Merlington v. State*, 839 N.E.2d 260, 262 (Ind. Ct. App. 2005). In this instance, we find that the trial court did not err because Harris's claim is moot.

A case is considered moot when it "is no longer live and the parties lack a legally cognizable interest in the outcome of its resolution or where no effective relief can be rendered to the parties." *Lake Cnty. Bd. of Elections and Registration v. Copeland*, 880 N.E.2d 1288, 1291 (Ind. Ct. App. 2008), *reh'g denied*. The State has no effective relief that it can render to Harris because the evidence is no longer in possession of a State entity and is now in the hands of the federal government.

As a result of the inherent immunity rooted in the Supremacy Clause, federal officers are immune "for actions reasonable and necessary in the discharge of their federal responsibilities." *Wyoming v. Livingston*, 443 F.3d 1211, 1217 (10th Cir. 2006). "Absent a waiver of sovereign immunity, a federal agency, as representative of the sovereign, cannot be compel[led] . . . to act." *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184,

190 (2d Cir. 2004). Therefore, now that the United States Secret Service has the items due to a pending federal indictment, Appellant's App. p. 35, this Court cannot compel the return of Harris's property; any relief must be sought from the federal government.

We therefore can provide no effective relief in this case and find that Harris's claim is moot.

Dismissed.

BAILEY, J., and BROWN, J., concur.